United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICHAEL DEUSCHEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA HEALTH AND HUMAN<br>SERVICES AGENCY, et al.<br><br>　　　　Defendants. | Case No.　23-cv-03458-LJC<br><br>**SCREENING ORDER PURSUANT TO<br>18 U.S.C. § 1915(E)(2)**<br><br>Re: Dkt. Nos. 1, 3, 13 |

　　　　Plaintiff Michael Deuschel filed a Complaint and an application for leave to proceed *in forma pauperis* (IFP).  ECF Nos. 1 (Compl.), 3.  Having considered Plaintiff's papers, the Court **GRANTS** the IFP application, finds that the Complaint fails to meet the requirements of 28 U.S.C. § 1915, and **GRANTS** Plaintiff leave to amend.

　　　　In this action Mr. Deuschel has sued numerous defendants for violations of federal and state law, specifically the Americans with Disabilities Act, the Unruh Act, Section 11135 of the California Government Code, Equal Protection provisions of the California Constitution, and Section 1278.5 of Title 2 of the California Code of Regulations, as well as claims for assault, battery, and negligence.  All together there are eleven causes of action.  Mr. Deuschel seeks injunctive, declaratory and equitable relief, attorney fees and costs, and damages.

　　　　Mr. Deuschel filed his Complaint on July 11, 2023.  The Complaint spans eighty-six pages and names twenty-six defendants: the California Health and Human Services Agency; Dr. Mark Ghaly, as Secretary of the agency; the California Department of Health Care Services (DHCS); William Lightbourne, as Director of DHCS; California Department of Social Services (DSS); Kimberly Johnson, Director of DSS; California Governor Gavin Newsom; the Regents of the University of California, including UCLA, UCI, UCSD, UCSF, UCSF Medical Centers, Andrew

United States District Court
Northern District of California

1  Vivas, M.D.; Elizabeth Lorde, M.D.; Sharon Hame, M.D., Isaac Yang, M.D., Lee Tan, M.D.;

2  Cedars-Sinai Medical Center; Thomas M. Priselac; Carol Dobashi; Stanford Health Care; Corrina

3  Zygourakis, M.D.; Sophia Loo; Christine Bulnes; University of Southern California Keck

4  Hospital; Thomas Chen, M.D.; Sutter Health; George Picetti, M.D.; Rudolph Schrot, M.D.; and

5  Dignity Health Saint Bernardine Medical Center.  Mr. Deuschel further alleges Does One through

6  One Hundred, and claims battery and assault by private security officers at various health care

7  facilities, and by police officers and sheriff deputies from different jurisdictions.

8  To state a claim for relief, a complaint must contain "a short and plain statement of the

9  claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Additionally, a

10  complaint states a claim upon which relief can be granted by alleging facts that plausibly establish

11  a defendant's liability.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007); see, also,

12  Turner v. Empire-Today, Today's Sales LLC, No. 22-CV-06994-KAW, 2023 WL 3035446, at *1

13  (N.D. Cal. Feb. 17, 2023), report and recommendation adopted, No. 22-CV-06994-JSC, 2023 WL

14  3035432 (N.D. Cal. Mar. 9, 2023) (noting that because the language of § 1915(e)(2)(B)(ii)

15  parallels the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court applies the

16  same standard to a § 1915 screening as it does to a 12(b)(6) motion to dismiss).

17  Mr. Deuschel's allegations describe in summary and conclusory form conduct by

18  governmental entities, public and private medical centers, medical practitioners, and others.  For

19  many, if not all defendants, there are no specific allegations regarding their conduct at issue.

20  There are numerous allegations, dating back to 2009, that individuals and entities have been

21  "involved" in depriving Mr. Deuschel of a multitude of treatments for a multitude of conditions.

22  Compl. ¶¶ 48–50.  He further alleges that the Medi-Cal Program is mismanaged due to its Fee-for-

23  Service reimbursement rates and managed care capitation rates.  Id. ¶¶ 107–108.  Ultimately, Mr.

24  Deuschel's complaint is confusing and conclusory with respect to its allegations of discrimination

25  and other violations.  There are few alleged facts, as opposed to conclusory statements, regarding

26  what each Defendant did to give rise to a plausible legal claim.

27  Mr. Deuschel's voluminous pleading provides extensive lists of generally described

28  systemic and medical service "deprivations", "tactics", "closely related actions and inactions", and

2

United States District Court
Northern District of California

"methods of administration".  See e.g., Compl. ¶¶ 82-103, 120-125, 129-128.  Further into the Complaint, Mr. Deuschel alleges that medical and administrative services were denied over the course of thirteen years.  See Compl. ¶¶ 130-178.  He alleges dozens of outstanding surgeries and medical treatments associated with various disorders.  He also alleges previous delays and denials of service, and administrative abuse.  These allegations lump together multiple defendants and other individuals.  For each surgery or treatment, Mr. Deuschel alleges a general time frame, sometimes spanning up to seven years, and names multiple medical facilities and individuals, alongside a month and year, but does not describe what happened.  Because there are no facts alleged with respect to how the denials of service occurred, it is not possible to discern the connection between the systemic deprivations and tactics that Mr. Deuschel has alleged, and the denials of service and the injury to Mr. Deuschel.  Similarly, there are no factual allegations describing the incidents of police assault and battery.  Compl. ¶¶ 178, 588, 593.

A complaint violates Rule 8 "when a pleading says too much."  Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013).  Rule 8(a) is violated by a pleading that is "needlessly long" or is "confused."  Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).  Indeed, the Ninth Circuit has stated it has "never held—and [it] know[s] of no authority supporting the proposition—that a pleading may be of unlimited length and opacity."  Id. at 1058.  This is, in part, due to "[p]rolix, confusing complaints . . . impos[ing] unfair burdens on litigants and judges."  McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).  Here, as explained above, the Complaint lumps together multiple defendants, lists generalized conduct, and fails to describe the specific facts and actions by each Defendant that underpins each cause of action.  It would be unduly burdensome to require the twenty-six named Defendants to respond to the Complaint in its present form, given the lack of notice as to the conduct at issue and their role in the alleged violations.  Allegations must "provide sufficient notice to all of the Defendants as to the nature of the claims being asserted against them," including "what conduct is at issue."  Villalpando v. Exel Direct Inc., No. 12-CV-04137 JCS, 2014 WL 1338297, at *5 (N.D. Cal. Mar. 28, 2014).

In conclusion, having evaluated Mr. Deuschel's financial affidavit, the Court finds that he has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and **GRANTS** his IFP

application, but the Court also holds his Complaint is deficient under Rule 8(a) of the Federal Rules of Civil Procedure.  Screening the Complaint under 28 U.S.C. § 1915(e), the Court finds that it fails to state a claim upon which relief can be granted.  The Court **GRANTS** leave to amend and directs Mr. Deuschel to file his amended complaint by November 27, 2023.

Service by the U.S. Marshals pursuant to 28 U.S.C. § 1915(d) is stayed until further order of the Court.  To date, Defendants California Health and Human Services Agency and Dr. Mark Ghaly are the only named Defendants on Mr. Deuschel's Summons and it appears that only they have been served.  See ECF Nos. 10–11.  The deadline for Defendants California Health and Human Services Agency and Dr. Mark Ghaly's responsive pleading is also stayed.  The Court will set a deadline for a responsive pleading, if and when Mr. Deuschel perfects his Complaint.

Going forward, Counsel shall also comply with Civil Local Rules 5-1(c)(2) and (f), which require the filing of attorney notices of appearance and the filing of proposed orders as attachments to motions and other documents, in addition to the submission of proposed orders in word processing format.  Counsel shall familiarize themselves with the Civil Local Rules and Judge Cisneros's Standing Order.

**IT IS SO ORDERED.**

Dated: October 24, 2023

_____
LISA J. CISNEROS
United States Magistrate Judge